UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
Case No.:

| | |
|---|---|
| ELVIE SIMEUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WALMART INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, ELVIE SIMEUS ("Simeus" or "Plaintiff"), sues the Defendant, WALMART INC. ("Walmart" or "Defendant"), and alleges as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action against WALMART INC., ("Defendant") for violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* ("FCRA"), 42 U.S.C.A. §§ 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981, as amended.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, 28 U.S.C. § 1343(3) and (4), 28 U.S.C. § 2617, and 42 U.S.C.A. § 1981.

3.      Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy

1

under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

4.      Venue is proper under 28 U.S.C. § 1391 because the acts complained of by Plaintiff occurred within this judicial district and because Walmart conducts business and engaged in providing retail services in Collier County, Florida, within the judicial district, and because the employment records of Plaintiff is stored or have been administered, in Collier County.

5.      The Acts or omissions giving rise to this Complaint occurred in whole or in part in Collier County, Florida.

6.      All conditions precedent to bringing this action have occurred, been performed, or been excused.

## PARTIES

7.      At all times material, Plaintiff was a resident of Collier County, Florida.

8.      Defendant is a foreign profit corporation doing business in Collier County, where Plaintiff worked for Defendant, and at all times material hereto is and was engaged in interstate commerce.

9.      At all times relevant, Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C. § 1981, as amended.

10.     At all times material, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611 (2) (A); and an "employee," "person" and "aggrieved person" as defined by 42 U.S.C. § 2000e(f) and Fla. Stat. § 760.02(6) and (10). Plaintiff specifically incorporate the definitions of "eligible employee," "person," "employee" and "aggrieved person."

11.     At all times material, Walmart was a "person" and an "employer" as defined by Fla. Stat. § 760.02(6) and (7), 29 U.S.C. § 2611 (4), and 42 USC § 2000e(b). Plaintiff specifically incorporates the definitions of "person" and "employer."

12.     At all times material, the Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

13.     At all times material, Defendant was and is a private sector employer.

14.     At all times material, Defendant employed at least fifty (50) employees within seventy-five (75) miles of Plaintiff's worksite.

15.     At all times material, Defendant employed 50 more employees in 20 or more workweeks in the current and preceding calendar year.

16.     Plaintiff worked for Defendant for more than twelve (12) months.

17.     Plaintiff worked for Defendant for more than 1,250 hours within the last 12 months of her employment with Defendant.

18.     At all times relevant, Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C. § 1981, as amended.

## PROCEDURAL REQUIREMENTS

19.     All conditions precedent to bringing this action have occurred, been performed or been excused. Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a.  Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"), Miami District Office on or about November 3, 2021, and more than 180 days passed since the filing of her charge.

3

b.  The EEOC issued to Plaintiff a Notice of Suit Rights as to all charges of discrimination and retaliation on or about June 16, 2022.

## GENERAL ALLEGATIONS

20.  Plaintiff is a Black female and consequently, a member of a racial minority.

21.  Plaintiff is also a member of a protected class disabled/handicapped individuals.

22.  At all times relevant, Plaintiff was employed by the Defendant as a maintenance associate starting in or around January 2007.

23.  For well over a decade, Plaintiff performed her work admirably and was revered by her colleagues with whom she worked. Walmart considered Plaintiff a good employee. From her date of hire until her unlawful termination on or about July 13, 2021, Plaintiff received satisfactory feedback from Defendant about her work performance.

24.  On or about June 30, 2021, nearly fifteen (15) years after Plaintiff began working for Defendant, Plaintiff was instructed by her supervisor Courtney Jacoby ("Jacoby") to pick up the garbage. Plaintiff complied and as she was performing her job, she fell while lifting up a trashcan, and suffered injuries to multiple areas of her body, including but not limited to her left shoulder, neck, feet, and leg.

25.  Plaintiff immediately reported her injuries to Defendant, specifically, she reported her injuries to Jacoby, and two other managers Chantiele Cano ("Cano") and Diana Valencia ("Valencia").

26.  When Plaintiff reported her injuries to her supervisors and managers, she requested medical care and treatment.

27.  Defendant did not approve Plaintiff's request for medical care and treatment.

28.     Plaintiff continued to work for Defendant, while experiencing pain and a worsening physical and medical condition from her June 30, 2021 injuries.

29.     Plaintiff's pain persisted and she continued to request, from the Defendant, medical care and treatment.

30.     Defendant ignored Plaintiff's requests.

31.     Plaintiff complained to her supervisors and managers that her requests were being ignored, but nothing was done.

32.     In response to Plaintiff's complaints that her requests were being denied and her persistent requests for medical care and treatment, the Defendant continued to ignore Plaintiff's request for medical care and treatment and would not grant Plaintiff's request.

33.     Rather than approving Plaintiff's requests for medical care and treatment, on more than one occasion, Cano responded with disparaging and degrading remarks about Plaintiff's race, such as "I can't stand black people."

34.     Plaintiff opposed Cano's discriminatory comments and complained to Defendant, but nothing was done, and Cano's disparaging and degrading remarks persisted.

35.     Jacoby, Cano, and Valencia are all Caucasian.

36.     Plaintiff was offended by Cano's racist comment, but she continued to work for Defendant, and her condition consistently worsened.

37.     By its derogatory and degrading remarks and by ignoring Plaintiff's requests for medical care and treatment, Defendant treated Plaintiff different that it treated other employees who were not Black or a member of a racial minority.

38.     By ignoring Plaintiff's requests for medical care and treatment, Defendant treated Plaintiff different that it treated other employees who were not disabled, handicap or perceived as disabled or handicap.

39.     Plaintiff noticed that her medical condition was worsening and negatively affecting her ability to perform normal daily activity, such as walking and performing her normally daily tasks, so after her many requests for medical care and treatment were ignored by the Defendant, Plaintiff made an appointment with her personal doctor to see on her personal time.

40.     Then, in or about July 2021, Plaintiff spoke to her supervisor, Jacoby, and asked for time off because she was still in pain due to the June 30, 2021 injuries, and her condition was worsening.

41.     Supervisor Jacoby granted Plaintiff's request for time off.

42.     Then approximately two (2) weeks after the work-related accident and one (1) week after Plaintiff began her leave, on or about July 13, 2021, while Plaintiff was on leave, the Defendant wrongfully terminated Plaintiff's employment, allegedly because Plaintiff's leave violated Defendant's Attendance and Punctuality Policies. However, this was clearly pretextual, and the true reasons for Plaintiff's termination was Defendant's discrimination and retaliation against Plaintiff because she is a part of protected classes of Black citizens and disabled and/ handicap citizens, and retaliation because Plaintiff exercised her rights pursuant to the FMLA.

43.     Plaintiff was devastated by Defendant's wrongful termination of her employment, after nearly fifteen (15) years of dedicated service.

44.     During Plaintiff's leave due to her medical condition caused by her June 30, 2021 injuries, she kept Defendant informed of her serious condition.

45.     From the date of Plaintiff's June 30, 2021, injuries to the date of her termination, on or about July 13, 2021, Defendant failed to provide Plaintiff information regarding the FMLA or to offer Plaintiff FMLA benefits.

46.     Plaintiff timely reported her injuries and her deteriorating condition which led to her serious medical condition, and Plaintiff's request for leave, approximately one week prior to her termination, was approved by Jacoby.

47.     Plaintiff needed leave due to her deteriorating and severe medical condition.

48.     Defendant began to treat Plaintiff differently because of her deteriorating medical condition by ignoring Plaintiff's requests and by terminating Plaintiff's employment.

49.     Defendant never advised Plaintiff and never engaged Plaintiff in a discussion pertaining to any issues with her leave or reasonable accommodation for her medical condition.

50.     The motivating factors which caused the Plaintiff's discharge as described above was because of Plaintiff's race, handicap, disability or perceived handicap or disability, her request for reasonable accommodations, and her requests for medical leave. In other words, the Plaintiff would not have been fired but for her race handicap, disability or perceived handicap or disability, request for reasonable accommodation, and her requests for medical leave as described above. Plaintiff's termination was an act of overt discrimination and retaliation, under the FCRA, ADA, Title VII, and 1981, and a violation of her rights under the FMLA.

51.     The Defendant's treatment of Plaintiff caused Plaintiff to suffer severe emotional distress and emotional anguish.

52.     The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: INTERFERENCE WITH FMLA RIGHTS
## (FAILURE TO PROVIDE FMLA INFORMATION)

53.     Plaintiff repeats and re-alleges paragraphs 1- 17, 19, 21 - 32, 36, and 38 - 52 as if fully stated herein.

54.     Plaintiff worked for the Defendant from January 8, 2020, until her wrongful termination on or about September 17, 2021, and within the last 12 months of employment Plaintiff worked for Defendant for more than 1,250 hours.

55.     At all times material, Defendant employed at least fifty (50) employees within seventy-five (75) miles of Plaintiff's worksite.

56.     From on or about June 30, 2021, the date of Plaintiff's injuries, until the time of her termination, on or about July 13, 2021, Plaintiff was eligible for FMLA leave.

57.     At all times material, Plaintiff gave proper notice to Walmart by informing it of her serious medical condition, which required her to seek medical care and treatment.

58.     Plaintiff's medical condition, due to her injuries, progressed to a serious medical condition and caused her to take approximately one week after the date of her June 30, 2021, injuries.

59.     Defendant had the power to fire and hire Plaintiff.

60.     Defendant controlled Plaintiff's work schedule and conditions of employment.

61.     Defendant determined the rate and method of payment for Plaintiff.

62.     Plaintiff provided enough information for Walmart to know that her leave may be covered by the FMLA.

63.     Despite its knowledge of Plaintiff's injuries and progressing medical condition, Walmart failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave.

64.     When Defendant failed to notify Plaintiff of her eligibility status under the FMLA when she sustained injuries on June 30, 2021, the Defendant interfered with Plaintiff's rights under the FMLA.

65.     When Defendant failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave, the Defendant interfered with Plaintiff's rights under the FMLA.

66.     As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.     Enter judgment in Plaintiff's favor and against Walmart for interfering with Plaintiff's rights under the FMLA;

B.     Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

C.     Award Plaintiff liquidated damages;

D.     Award Plaintiff prejudgment interest on her damages award;

E.     Award Plaintiff reasonable costs and attorney's fees;

F.     Award Plaintiff any further relief pursuant to the FMLA; and

G.     Grant Plaintiff such other and further relief as the Court deems equitable and just.

## COUNT II: INTERFERENCE WITH FMLA RIGHTS (TERMINATION)

67.     Plaintiff repeats and re-alleges paragraphs 1- 17, 19, 21 - 32, 36, and 38 - 52 as if fully stated herein.

68.     Plaintiff worked for the Defendant from January 8, 2020, until her wrongful termination on or about September 17, 2021, and within the last 12 months of employment Plaintiff worked for Defendant for more than 1,250 hours.

69.     At all times material, Defendant employed at least fifty (50) employees within seventy-five (75) miles of Plaintiff's worksite.

70.     From on or about June 30, 2021, the date of Plaintiff's injuries, until the time of her termination, on or about July 13, 2021, Plaintiff was eligible for FMLA leave.

71.     At all times material, Plaintiff gave proper notice to Walmart by informing it of her injuries and worsening medical condition, which led to Plaintiff serious and severe medical condition and need for continuous medical care and treatment.

72.     Plaintiff provided enough information for Walmart to know that her leave may be covered by the FMLA.

73.     Despite its knowledge of Plaintiff's medical condition, Walmart terminated Plaintiff instead of affording her the opportunity to take full FMLA leave.

74.     When Walmart fired Plaintiff, it interfered with Plaintiff's rights under the FMLA.

75.     As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Walmart for interfering with Plaintiff's rights under the FMLA;

B.  Reinstatement or compensatory mental damages;

C.  Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

D.  Award Plaintiff liquidated damages;

E.  Award Plaintiff prejudgment interest on her damages award;

F.  Award Plaintiff reasonable costs and attorney's fees;

G.  Award Plaintiff any further relief pursuant to the FMLA; and

H.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

### <u>COUNT III: VIOLATION OF THE FMLA (RETALIATION)</u>

76.     Plaintiff repeats and re-alleges paragraphs 1- 17, 19, 21 - 32, 36, and 38 - 52 as if fully stated herein.

77.     Plaintiff worked for the Defendant from January 8, 2020, until her wrongful termination on or about September 17, 2021, and within the last 12 months of employment Plaintiff worked for Defendant for more than 1,250 hours.

78.     At all times material, Defendant employed at least fifty (50) employees within seventy-five (75) miles of Plaintiff's worksite.

79.     From on or about June 30, 2021, the date of Plaintiff's injuries, until the time of her termination, on or about July 13, 2021, Plaintiff was eligible for FMLA leave.

80.     Walmart terminated Plaintiff following her repeated requests for medical care and treatment and time off while enduring her worsening medical condition, which constitute FMLA requests for leave.

81.     Walmart terminated Plaintiff despite the fact that she received satisfactory feedback from Defendant about her work performance at all times prior to her termination, on or about September 17, 2021.

82.     Walmart terminated Plaintiff because she requested FMLA leave as described above. Specifically, Plaintiff requested FMLA leave when she explained that she needed medical care and treatment for her injuries and time off due to her medical condition.

83.     Plaintiff's medical condition, which has necessitated continuous medical care and treatment, was a serious medical condition.

84.     Walmart has intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

85.     Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of her termination.

86.     As a direct and proximate result of the intentional violations by Walmart of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.     Enter judgment in Plaintiff's favor and against Walmart for its violations of the FMLA;

B.     Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C.     Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has and continues to suffer;

D.     Award Plaintiff liquidated damages;

E.     Reinstatement;

F.     Award Plaintiff prejudgment interest on her damages award;

G.     Award Plaintiff reasonable costs and attorney's fees; and

H.     Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV: DISCRIMINATION (TERMINATION) – ADA

87.     Plaintiff repeats and re-alleges paragraphs 1- 13, 19, 21 - 32, 36, and 38 - 52 as if fully stated herein.

88.     Plaintiff's injuries qualify as a disability or is perceived as a disability.

89.     At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

90.     At all times material, Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

91.     At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because of her disability, or perceived disability.

92.     The disparate treatment of Plaintiff by Defendant was due to Plaintiff's disability or perceived disability.

93.     Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the ADA.

94.     Defendant, as Plaintiff's employer, was responsible for maintaining a working environment free from discrimination.

95.     Defendant's discriminatory behavior was part of a custom, pattern, and practice of unlawful discrimination of employees who are disabled or perceived as disabled.

96.     Plaintiff's disability, or perceived disability, was a motivating factor that caused Defendant to terminate Plaintiff.

97.     As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

98.     Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

99.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.     Declare that the acts complained of herein are in violation of the ADA;

B.     Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

C.     Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D.     Award Plaintiff back pay, front pay (or reinstatement), and any other damages allowed under the ADA;

E.     Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

F.     Award Plaintiff punitive damages, according to proof;

G.     Award Plaintiff reasonable costs and attorney's fees; and

H.     Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT V: DISCRIMINATION (TERMINATION) - FCRA

100.    Plaintiff repeats and re-alleges paragraphs 1- 13, 19, 21 - 32, 36, and 38 - 52 as if fully stated herein.

101.    Plaintiff's injuries qualify as a handicap or is perceived as a handicap.

102.    At all times material, Defendant was aware of Plaintiff's handicap, or perceived handicap.

103.    At all times material, Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

104.    At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, inter alia, terminating Plaintiff because of her handicap, or perceived handicap.

105.    The disparate treatment of Plaintiff by Defendant was due to Plaintiff's handicap or perceived handicap.

106.    Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

107.     Defendant, as Plaintiff's employer, was responsible for maintaining a working environment free from discrimination.

108.     Defendant's discriminatory behavior was part of a custom, pattern, and practice of unlawful discrimination of employees who are handicap or perceived as handicap.

109.     Plaintiff's handicap, or perceived handicap, was a motivating factor that caused Defendant to terminate Plaintiff.

110.     As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain and mental anguish.

111.     Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

112.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.     Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B.     Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

C.     Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

D.     Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

E.      Award Plaintiff punitive damages, according to proof;

F.      Award Plaintiff reasonable costs and attorney's fees; and

G.      Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT VI: RETALIATION (TERMINATION) - ADA

113.    Plaintiff repeats and re-alleges paragraphs 1- 13, 19, 21 - 32, 36, and 38 - 52 as if fully stated herein.

114.    Plaintiff's injuries qualify as a disability or is perceived as a disability.

115.    At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

116.    At all times material, Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

117.    Plaintiff engaged in a protected activity by opposing Defendant's discriminatory practices.

118.    Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the ADA by terminating Plaintiff's employment when he requested reasonable accommodations.

119.    Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of Plaintiff's employment with Defendant, in violation of the ADA.

120.    Plaintiff's request for reasonable accommodations was a motivating factor that caused Defendant to terminate Plaintiff.

121.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

122.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

123.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.     Declare that the acts complained of herein are in violation of the ADA;

B.     Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

C.     Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D.     Award Plaintiff back pay, front pay (or reinstatement), and any other damages allowed under the ADA;

E.     Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

F.     Award Plaintiff punitive damages, according to proof;

G.     Award Plaintiff reasonable costs and attorney's fees; and

H.     Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## **COUNT VII: RETALIATION (TERMINATION) - FCRA**

124.     Plaintiff repeats and re-alleges paragraphs 1- 13, 19, 21 - 32, 36, and 38 - 52 as if fully stated herein.

125.     Plaintiff's injuries qualify as a handicap or is perceived as a handicap.

126.     At all times material, Defendant was aware of Plaintiff's handicap, or perceived handicap.

127.    Plaintiff engaged in a protected activity when he continuously requested reasonable accommodations from Defendant.

128.    Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the FCRA by terminating Plaintiff because Plaintiff requested reasonable accommodation.

129.    Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of Plaintiff's employment with Defendant, in violation of the FCRA.

130.    Plaintiff's opposition of Defendant's discriminatory practices was a motivating factor that caused Defendant to terminate Plaintiff.

131.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

132.    Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

133.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.    Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B.    Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

C.    Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

D.   Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

E.   Award Plaintiff punitive damages, according to proof;

F.   Award Plaintiff reasonable costs and attorney's fees; and

G.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT VIII: DISCRIMINATION (FAILURE TO ACCOMMODATE) - ADA

134.   Plaintiff repeats and re-alleges paragraphs 1- 13, 19, 21 - 32, 36, and 38 - 52 as if fully stated herein.

135.   Plaintiff's injuries qualify as a disability or is perceived as a disability.

136.   At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

137.   At all times material, Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

138.   Plaintiff engaged in a protected activity when he requested accommodations from Defendant.

139.   The accommodations requested by Plaintiff was reasonable.

140.   Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment because of Plaintiff's disability, or perceived disability by, *inter alia*, failing to either (1) wait for Plaintiff to recover; or (2) accommodate Plaintiff by putting her in a position that would accommodate her needs; neither of which would have caused Defendant undue hardship.

141.   Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the ADA.

142.    Plaintiff was not accommodated because of her disability, and/or Defendant's perception of such disability, in violation of the ADA, and because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

143.    Plaintiff's disability, or perceived disability, was a motivating factor in refusing to accommodate Plaintiff.

144.    As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

145.    Furthermore, as a direct and proximate result of the actions of Defendant's, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

146.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.    Declare that the acts complained of herein are in violation of the ADA;

B.    Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

C.    Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D.    Award Plaintiff back pay, front pay (or reinstatement), and any other damages allowed under the ADA;

E.    Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

F.      Award Plaintiff punitive damages, according to proof;

G.      Award Plaintiff reasonable costs and attorney's fees; and

H.      Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT IX: DISCRIMINATION (FAILURE TO ACCOMMODATE) – FCRA

147.    Plaintiff repeats and re-alleges paragraphs 1- 13, 19, 21 - 32, 36, and 38 - 52 as if fully stated herein.

148.    Plaintiff's injuries qualify as a handicap or is perceived as a handicap.

149.    At all times material, Defendant was aware of Plaintiff's handicap, or perceived handicap.

150.    At all times material, Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

151.    Plaintiff engaged in a protected activity when he requested accommodations from Defendant.

152.    The accommodations requested by Plaintiff was reasonable.

153.    Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment because of Plaintiff's disability, or perceived disability by, inter alia, failing to either (1) wait for Plaintiff to recover; or (2) accommodate Plaintiff by putting her in a position that would accommodate her needs; neither of which would have caused Defendant undue hardship.

154.    Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

155.    Plaintiff's handicap, or perceived handicap, was a motivating factor in refusing to accommodate Plaintiff.

21

156.    As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain and mental anguish.

157.    Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

158.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.    Enter judgment in Plaintiff's favor and against Defendant for its violations

of the FCRA;

B.    Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

C.    Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

D.    Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

E.    Award Plaintiff punitive damages, according to proof;

F.    Award Plaintiff reasonable costs and attorney's fees; and

G.    Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT X: DISCRIMINATION BASED ON RACE
## IN VIOLATION OF TITLE VII (DISPARATE TREATMENT)

159.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 13, 19, 20, 22 – 24, 26, 27, 30 – 37, and 40 - 52 above as if set out in full herein.

160.    Plaintiff is a member of a protected class of Black citizens.

161.    At all times material, Defendant was aware of Plaintiff's race.

162.    At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of Title VII by, *inter alia*, treating Plaintiff differently than similarly situated non-Black employees in the terms and conditions of their employment because of Plaintiff' race.

163.    As specifically described in paragraphs 24 through 52, Jacoby, Cano and Valencia ignored Plaintiff's requests for medical care and treatment and Jacoby made derogatory, disparaging, and degrading comments to Plaintiff and humiliated and embarrassed Plaintiff by her racial comments. Defendant was aware of the racist conduct Plaintiff was subjected to, and continued to subject Plaintiff to, a racially discriminatory environment.

164.    Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of Plaintiff's employment with Defendant, in violation of Title VII.

165.    Plaintiff's race was a motivating factor that caused Defendant to discriminate against Plaintiff.

166.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

167.    Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

168.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

B.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

C.  Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continue to suffer;

D.  Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

E.  Award Plaintiff reasonable costs and attorney's fees; and

F.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT XI: DISCRIMINATION BASED ON RACE
## IN VIOLATION OF THE FCRA (DISPARATE TREATMENT)

169.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 13, 19, 20, 22 – 24, 26, 27, 30 – 37, and 40 – 52 above as if set out in full herein.

170.    Plaintiff is a member of a protected class of Black citizens.

171.    At all times material, Defendant was aware of Plaintiff's race.

172.    At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by, *inter alia*, treating Plaintiff differently

than similarly situated non-Black employees in the terms and conditions of their employment because of Plaintiff's race.

173.    As specifically described in paragraphs 24 through 52, Jacoby, Cano, and Valencia ignored Plaintiff's requests for medical care and treatment and Jacoby made derogatory, disparaging, and degrading comments to Plaintiff and humiliated and embarrassed Plaintiff by her racial comments. Defendant was aware of the racist conduct Plaintiff was subjected to and continued to subject Plaintiff to a racially discriminatory environment.

174.    Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of Plaintiff's employment with Defendant, in violation of the FCRA.

175.    Plaintiff's race was a motivating factor that caused Defendant to discriminate against Plaintiff.

176.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, are now suffering, and will continue to suffer, emotional pain and mental anguish.

177.    Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

178.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff punitive damages, according to proof;

D. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff have suffered and continue to suffer;

E. Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT XII: VIOLATION OF 42 U.S.C. § 1981
## (RACE DISCRIMINATION – DISPARATE TREATMENT)

179.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 13, 18 - 19, 20, 22 – 24, 26, 27, 30 – 37, and 40 - 52 above as if set out in full herein.

180.    Black citizens are a member of a "race" within the meaning of 42 U.S.C.A. § 1981.

181.    Plaintiff is a Black citizen and therefore is a member of a racial minority.

182.    At all times relevant, Plaintiff was in a contractual relationship with the Defendant within the meaning of 42 U.S.C. § 1981, as amended.

183.    During the course of Plaintiff employment with Defendant violated Plaintiff rights by depriving her of her rights to the enjoyment of all benefits, privileges, terms, and conditions of their employment contract as is enjoyed by non- Black citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

184.    During the course of Plaintiff's employment with Defendant, Plaintiff did not enjoy the same benefits, privileges, terms and conditions of employment, as non-Black citizens, who were employees of the Defendant.

185.    Defendant's treatment, practices and policies directed toward Plaintiff as more fully described in paragraphs 24 through 52 of this Complaint, denied Plaintiff the full and equal benefits

of all laws and proceedings for the security of persons and property as is enjoyed by non-Black citizens and/or Bahamian ancestry citizens, in violation of 42 U.S.C.A. § 1981, as amended.

186.    Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 24 through 52, denied Plaintiff the right to make and enforce contracts as enjoyed by non-Black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

187.    Defendant did not subject its employees who were not Black citizens to being spoken to in a derogatory and degrading tone or expression.

188.    Defendant did not subject its employees who were not Black citizens to being ignored and denied their rights.

189.    The disparity in the Defendant's treatment of Plaintiff and/or response or lack thereof to her requests, complaints and pleas for medical care and treatment, which caused Plaintiff to be subjected to a deteriorating, severe and serious medical condition, was solely on the basis of Plaintiff's race, as the term is used under 42 USC § 1981.

190.    Through Defendant's actions and treatment of Plaintiff, Defendant intended to discriminate against Plaintiff on the basis of Plaintiff's race.

191.    During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to being spoken to in a derogatory and degrading tone or expression, and ignored, as is more fully described in paragraphs 24 through 52 of this Complaint.

192.    Defendant, at all times, had knowledge of the discriminatory acts and conduct by supervisors and managers Jacoby, Cano, and Valencia.

193.    Despite knowing about the unlawful conduct of supervisors and managers Jacoby, Cano and Valencia, Defendant failed to take action. Based on information and belief, Defendant

did not admonish Jacoby, Cano, and Valencia, nor did the Defendant, fire, suspend, reprimand, or investigate these employees.

194.    As a direct and proximate result of the foregoing, Plaintiff have suffered embarrassment, humiliation, emotional distress, pain and mental anguish, and other forms of damage.

195.    As a direct, legal, and proximate result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and Plaintiff has suffered anguish, humiliation, distress, pain and mental anguish, inconvenience, and loss of enjoyment of life, thereby entitling Plaintiff to damages in an amount to be proven at trial.

196.    In its discriminatory actions as alleged above, Defendant acted with malice or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

B.  Award Plaintiff actual damages suffered;

C.  Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress, pain and mental anguish Plaintiff have suffered;

D.  Award Plaintiff punitive damages;

E.  Award Plaintiff prejudgment interest on their damages award;

F.  Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

G.  Award Plaintiff reasonable costs and attorney's fees; and

H.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: September 14, 2022.

By:  /s/ Tanesha W. Blye
Tanesha W. Blye, Esq.
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
Juliana Cortes, Esq.
Fla. Bar No.: 0123038
Email: juliana@saenzanderson.com
R. Martin Saenz, Esq.
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

*Trial Counsel for Plaintiff*